**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**DEANDRE HOPSON**                                                                        **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 3:12-CV-450-R**

**POLICE DEPARTMENT et al.**                                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Deandre Hopson, filed a *pro se* complaint and moved to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) in this case (DNs 3 & 7). The Court concludes that Plaintiff cannot without undue hardship pay the fees or costs in this action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions (DNs 3 & 7) are **GRANTED**. This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 14 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff sues the Police Department, the Sheriff's Department, the state prosecutor, and Gary Huffman. His complaint alleges that the police are "putting false allegations against [him]" and that since October 22, 2010, the police have not given him "a chance to report [his] issues against Defendants to go to grand jury denying [him] a chance now to present evidence in Benny Barry vs. DeAndre." He alleges that the Sheriff's Office has posted his picture on the Hall of Justice metal detector and always intercepts him from taking out "criminal warrants on folks that are threatening my life claiming I need an attorney present which is false info, just to keep me from helping me tell on real matters on realtors conduct, of killing and rapes by Cash Crash owners and investors." He further alleges that states prosecutors are illegally holding warrants

on him and that they know that Gary Huffman lied to a grand jury just to get him arrested. He asserts that Huffman admitted to not having a tape on him but kept coming to court "wasteing government funds so he will get paid for court appearances." He also appears to allege that Huffman is trying to set him up on "more bogus charges to get [Plaintiff] locked up to keep [his] mouth shut about lie's he told grand jury, also to save his job." In addition to $1 million for pain and suffering from the "City of Louisville police," Plaintiff asks for the following injunctive relief: to have charges by police taken off of him, to be allowed to present evidence to the grand jury, and to have Huffman stop wasting government funds and "go catch some real crimes going on." He attaches several exhibits including a Louisville Metro Police Department Investigative Report which identifies Huffman as a police detective and a motion to dismiss an indictment filed by Plaintiff in a state criminal case against him.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as

true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"[A] federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Plaintiff's allegations stem from a pending state-court criminal case against him. The Commonwealth of Kentucky has an important interest in adjudicating that case. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state-court proceeding. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time. Where *Younger* abstention is

appropriate, it requires dismissal of those claims. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986).

Moreover, with regard to Plaintiff's claim against the state prosecutor, the claim relates to conduct in the prosecutor's role as an advocate. Prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Moreover, federal courts have no general power to compel action by state officers in the performance of their duties. *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's complaint for failure to state a claim.

Date:

cc:  Plaintiff, *pro se*
     Defendants
     Jefferson County Attorney
4413.009